# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GERALD EDWARDS, ) <br> ) <br>        **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br>        **Defendant.** ) <br> _____) | **CIVIL ACTION** <br><br> **No. 07-2157-KHV** |

## ORDER

Gerald Edwards appealed the final decision of the Commissioner of Social Security to deny disability insurance benefits and supplemental security income. On April 15, 2008, the Court reversed the Commissioner's decision and remanded the case. See Order (Doc. #19). This matter comes before the Court on plaintiff's Motion For Award Of Attorney's Fees Pursuant To The Equal Access To Justice Act, Or Alternatively, Pursuant To 42 U.S.C. § 406(b) (Doc. #21) filed May 12, 2008.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, provides that the prevailing party in a proceeding against the United States for judicial review of agency action may recover reasonable attorney fees, unless the position of the United States was substantially justified or special circumstances make such an award unjust. 28 U.S.C. § 2412(d). The fee applicant bears the burden of demonstrating that the hours billed were "reasonably and appropriately expended on th[e] litigation." Culler v. Massanari, No. 96-4164-SAC, 2001 WL 1718033, at *2 (D. Kan. Dec. 20, 2001). Under the EAJA, the Court maintains discretion in determining the proper amount of the fee award. Dye v. Astrue, 244 Fed. Appx. 222, 223 (10th Cir. 2007) (EAJA fee award reviewed for

abuse of discretion).

Plaintiff seeks $6,873.35 in attorney fees, comprising 44.25 hours of work at an hourly rate of $155.33. The Commissioner does not dispute plaintiff's entitlement to attorney fees or the hourly rate which plaintiff has proposed, but argues that the number of hours billed is excessive. On this issue, the courts of this district have consistently recognized that typical social security appeals require no more than 40 total hours of attorney time. See Williams v. Astrue, No. 06-4027-SAC, 2007 WL 2582177, at *1 (D. Kan. Aug. 28, 2007) ("courts in this district have not hesitated to disallow hours over 40 as unreasonable in recent routine EAJA social security cases."); Brooks v. Barnhart, No. 04-2526-CM, 2006 WL 3027975, at *2 (D. Kan. Sept. 25, 2006) (typical EAJA fee application in social security case between thirty and forty hours). Plaintiff has not persuaded the Court that this is an exceptional case. The administrative record is not uncommonly long and plaintiff has identified nothing complex in its contents. Moreover, plaintiff's attorney – an experienced lawyer who represented plaintiff at the administrative level – possessed a familiarity with the case which eased the prosecution of the appeal. The bulk of the hours billed are for brief writing, where the Court expects plaintiff's attorney to exercise discretion. To the extent that plaintiff's opening brief included facts and legal argument regarding evidence which was obviously not germane to the appeal, see Report And Recommendation (Doc. #18) filed March 25, 2008 at 8-9 (immediately apparent that administrative law judge did not err on issue of severe mental impairment), the time billed for that brief writing is not reasonable. In its discretion, the Court finds that 40 total hours of billable time is reasonable. At the hourly rate of $155.33, the Court finds that plaintiff is entitled to a total of $6,213.20 in attorney fees.

**IT IS SO ORDERED.**

Dated this 28th day of August, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge