IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GERALD EDWARDS, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION
)
) No. 07-2157-KHV
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )
_____ )

## MEMORANDUM AND ORDER

Sharon J. Meyers, attorney for plaintiff Gerald Edwards, seeks an award of attorney fees pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1).[1] See Motion For Attorney Fees Pursuant to Section 206(B) Of The Social Security Act, 42 U.S.C. § 406(b) (Doc. #27), filed October 23, 2009.

---

[1] Section 406(b)(1) states in relevant part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

1

On May 22, 2009, the Social Security Administration ("SSA") rendered a decision which found that plaintiff was disabled as of October 3, 2003. It awarded plaintiff benefits retroactive to April of 2004 and withheld $16,411.00 (25%) from that award to pay attorney's fees. The contingency fee arrangement between plaintiff and counsel calls for a 25% contingency fee. Plaintiff's counsel represents that she received $5,300.00 (from the $16,411.00 which was withheld) for representing plaintiff at the administrative level. She now seeks the remaining $11,111.00, of which $3,388.20 will be refunded to plaintiff as an offset from fees which she received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).[2] The Commissioner does not object to the fee request so long as plaintiff's counsel is ordered to refund $3,388.20 to plaintiff – the EAJA fee award.[3]

Contingent fee arrangements are permissible in Social Security cases so long as the fee agreement does not exceed the statutory 25% limit and is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002). An attorney who seeks such a fee bears the burden to prove reasonableness, which courts typically evaluate by examining the record of hours spent the claimant along with the lawyer's normal hourly billing rate for noncontingent fee cases. Id. at 808. Courts can reduce awards if the attorney caused delay, or if benefits are large compared with the amount of time counsel spent on the case. Id.; Scherffius v. Astrue, 296 Fed. Appx. 616 (10th Cir. 2008).

---

[2] In its order (Doc. #26) entered August 28, 2009, the Court awarded plaintiff's counsel $6,213.20 in attorney fees for 40 hours of work at an hourly rate of $155.33. After the United States Treasury Department deducted $2,825.00 from the $6,213.20 to pay an outstanding debt of plaintiff's, counsel received $3,388.20.

[3] Attorneys are required to refund the lesser of the EAJA or the section 406(b) fees to the client; they cannot keep both. See Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 934 (10th Cir. 2008).

Plaintiffs' counsel has submitted time records which indicate that she spent 44.25 hours on claimant's case at the judicial level. She incorrectly calculates that her $11,111.00 fee request equals an hourly rate of $174.53.[4] The Commissioner correctly calculates that the equivalent hourly rate is $251.10 ($11,111.00 / 44.25 = $251.10), but nonetheless finds the fee request to be reasonable. The Court concurs.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion For Attorney Fees Pursuant to Section 206(B) Of The Social Security Act, 42 U.S.C. § 406(b)</u> (Doc. #27), filed October 23, 2009 be and hereby is **SUSTAINED**. Upon receipt of $11,111.00 from the Social Security Administration, plaintiff's counsel is hereby **ORDERED** to refund $3,388.20 to plaintiff.

Dated this 20th day of January, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4] When calculating the hourly rate, plaintiff's counsel incorrectly subtracts $3,388.20 from the $11,111.00 recovery to devise a purported hourly rate of $174.53: $11,111.00 - $3,388.20 = $7,722.80 and $7,722.80 / 44.5 hours = $174.53. Counsel should not subtract the amount of the EAJA refund, however, because the refund amounts to a double-payment. She still recovers the full $11,111.00; she just obtains it from two different sources: the Section 406(b)(1) award of $7,722.80 ($11,111.00 less $3,388.20) and the EAJA award of $3,388.20.